UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cr-00041-JMS-MKK |
| | ) | |
| | ) | |
| JALEN DAVIS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTIONS TO REDUCE SENTENCE**

Defendant Jalen Davis has filed two Motions to Reduce Sentence pursuant to USSC Amendment 821 [95] and as amended [102].[1]

The two Amendment 821 motions raise separate grounds. The first [95] seeks relief on the basis of status points that were assigned to Mr. Davis as part of his Criminal History Category computation in his presentence report [65 at ¶ 41]. The Court will refer to this as the status point challenge. [2]The second "motion" (actually a letter) is unclear, but appears to invoke proposed Sentencing Guideline changes concerning youthful offenders that have yet to be adopted by the United States Sentencing Commission. https://www.ussc.gov/about/news/press-releases/december-14-2023. Mr. Davis indeed received criminal history points for multiple

---

[1] Mr. Davis has also filed a letter requesting that his case be dismissed and that he immediately be released and asserting that 18 U.S.C. 922(g) is unconstitutional. The letter was docketed as a Motion for Immediate Release [96]. Further proceedings with respect to that motion will be addressed by separate entry.

[2] Between the first and second 821 motions the Court appointed the Indiana Federal Community Defender to represent Mr. Davis. [97]. Counsel was later granted leave to withdraw. [100].

juvenile adjudications [65 at ¶32-36]. The government responded in opposition [104], noting both motions but only responding to the status point challenge.

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Davis is ineligible for resentencing as his original Guidelines range was not lowered by a subsequent act of the Sentencing Commission. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). While indeed this amendment applies to Mr. Davis, and he now receives 1 status point instead of 2, the result is a total of 13 criminal history points instead of 14. *See* U.S.S.G. § 4A1.1(e). The reduction

results in no change to Mr. Davis' Criminal History Category which remains VI, as Criminal History Category VI applies to anyone with 13 or more criminal history points. Because Mr. Davis' guideline range would not change, he is not entitled to a sentence reduction. See § 3582(c)(2); § 1B1.10(a)(2)(B).

Turning to second 821 motion, the proposed guideline amendment relied upon by Mr. Davis has yet to be adopted by the Sentencing Commission. Accordingly, the Court has no authority to reduce Mr. Davis' sentence on that basis.

Because Mr. Davis is ineligible for a sentence reduction, the Court will not proceed to step two.

Mr. Davis' 821 Motion to Reduce Sentence [95] and Amended Motion to Reduce Sentence [102] are each **DENIED**.

Date: 3/20/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

**By U.S. Mail to:**
JALEN DAVIS
# 16815-028
FCI Beckley FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 350
GENERAL & LEGAL MAIL
BEAVER, WV 25813